**Archie HAMPTON, Petitioner-Appellant,**

v.

**Raymond J. BUCHKOE, Warden of the Branch State Prison at Marquette, Michigan, Respondent-Appellee.**

**No. 15800.**

United States Court of Appeals
Sixth Circuit.

July 10, 1964.

Frank G. Davis, Cincinnati, Ohio, for appellant.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., James R. Ramsey, Asst. Atty. Gen., Lansing, Mich., on brief for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and GRAY, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court dismissing appellant's petition for writ of habeas corpus.

Appellant was convicted of armed robbery in the Superior Court for the City of Grand Rapids, Michigan. After his conviction a motion for a new trial was filed on his behalf, and was overruled by the trial judge approximately three months later. On March 7, 1963, appellant sought a writ of mandamus from the Supreme Court of Michigan, apparently for the purpose of forcing the trial court to act upon his motion for a new trial. The trial court in fact had denied his motion for a new trial on February 25, 1963, a few days before the filing of his petition for writ of mandamus.

On April 23, 1963, the Clerk of the Supreme Court of Michigan addressed the following letter to appellant:

"In reply to your recent letter we have received a copy of an order of Judge Vander Ploeg denying your motion for a new trial. Since this is the action requested in your mandamus action it would seem that that is now moot and that your proper procedure would be an application for

leave to appeal from the order denying a new trial."

Without undertaking to seek a review of his conviction by appeal to the Supreme Court of Michigan, appellant filed his petition for habeas corpus in the District Court in this case. Appellees filed a motion to dismiss on the ground that the records of the Supreme Court of Michigan reveal that no application for leave to appeal has ever been filed by appellant in that court, and, consequently, appellant has not exhausted his remedies in the state courts of Michigan. District Judge W. Wallace Kent sustained this motion and dismissed the petition on the ground that appellant has ignored the appellate procedure provided by Michigan law and has not exhausted his state court remedies as required by 28 U.S.C. § 2254, saying:

> "It appears affirmatively that the only resort by the petitioner to the Michigan Supreme Court was an application for a writ of mandamus to require the trial court to decide a motion for a new trial, which the petitioner had previously filed. Such a writ of mandamus obviously cannot substitute for a writ of error and no application for leave to appeal was made to review the denial of the motion for a new trial."

At the time that appellant was convicted and his motion for a new trial was overruled, Michigan law permitted a convicted defendant in a criminal case to file a delayed application for leave to appeal without limitation of time. People v. Hurwich, 259 Mich. 361, 243 N.W. 230, 232; People v. Stanley, 344 Mich. 530, 75 N.W.2d 39; Doster v. Bannan, 318 F.2d 453 (C.A.6); Curtis v. Tower, 262 F.2d 166, 167 (C.A. 6). This right of application for delayed appeal to the Supreme Court of Michigan remains available to appellant at the present time under the new General Court Rule 806.4 (2) of that court, adopted January 21, 1964, and now in effect. 372 Mich. v. (Advance Sheet of February 17, 1964). The procedure under this rule is not complicated and requires no particular skill.

Appellant therefore had available to him at the time his petition was filed in this case, and now has available to him, a remedy in the state courts, which was pointed out to him in the above-quoted letter from the Clerk of the Supreme Court of Michigan, but which he has not yet chosen to follow. As said in Fay v. Noia, 372 U.S. 391, 438, 83 S. Ct. 822, 849, 9 L.Ed.2d 837: "[T]he federal habeas corpus judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts." * * *

The decision of the District Court therefore is affirmed.

The Court expresses appreciation to Mr. Frank G. Davis of the Cincinnati Bar who represented appellant ably as court-appointed counsel on the appeal in this case.