John Mark **HERRON**, Plaintiff-Petitioner,

v.

**Dr. A. A. BIRZGALIS, M.D.,** Medical Superintendent of the Ionia State Hospital, Ionia, Ionia County, Michigan, Defendant-Respondent.

Civ. A. No. 4808.

United States District Court
W. D. Michigan, S. D.

Nov. 24, 1964.

FOX, District Judge.

The petitioner in this case requests a writ of habeas corpus and a writ of ancillary certiorari. He was charged under the provisions of M.S.A. 28.967(1) and following sections [Comp.Laws 1948, § 780.501 et seq., Pub.Acts 1939, No. 165]. On February 2, 1954, he was committed to the Ionia State Hospital at Ionia, Michigan, under the provisions of said statute. The commitment was for one day to life, and he was to receive treatment and care, and be released upon a determination, if any, of rehabilitation.

Thereafter, petitioner petitioned the Macomb County Circuit Court, Mount Clemens, Michigan, to vacate and set aside and correct the order of commitment. The date of such petition is not presently before the court, but reference is made to it in petitioner's answer to a request for specific information, Document No. 10, filed September 21, 1964.

Also, in the same document, petitioner advised the court that a civil action, No. Mo. 1–326a, for similar writs, was filed in the Supreme Court of the State of Michigan. Petitioner also filed a petition for a writ of mandamus in the Supreme Court of the State of Michigan against the Circuit Court Judge for a transcript of the court record. This petition was denied, but the officials of the Circuit Court agreed to furnish petitioner a transcript of the proceedings, which was to be received by him no later than November 2, 1964.

Petitions were filed in this court on June 22, 1964, and on August 6, 1964, this court denied the petitioner's requests for the reason that from the record it appeared that petitioner had failed to exhaust remedies available to him in the courts of the State of Michigan, which remedies are adequate and effective. The denial was in accordance with 28 USC § 2254.

Thereafter, on August 21, 1964, petitioner filed a motion for a new trial and a rehearing, alleging that the Macomb County Circuit Court lost jurisdiction and has no jurisdiction by reason of the violation of the constitutional rights of petitioner in the original action, and asserting that this District Court has jurisdiction.

On November 7, 1964, petitioner filed a motion and exhibits in support of exhaustion of state remedies. The first exhibit is a copy of an order dated on the 27th day of October, 1964, issued out of the Supreme Court of the State of Michigan in the matter of John Mark Herron, 51067½, in which the court stated:

"In this cause a petition is filed by John Mark Herron for a writ of habeas corpus and ancillary certiorari, and an answer in opposition there to having been filed by the prosecuting attorney for the county of Macomb, and due consideration thereof having been had by the Court, IT IS ORDERED that the petition for writ of habeas corpus and ancillary certiorari and motion to strike defendant's exhibits be, and the same are hereby DENIED, as the proper remedy is by petition filed in the circuit court for the county of Macomb."

Exhibit 2 is a letter dated November 2, 1964 from Donald F. Winters, Clerk of the Supreme Court of the State of Michigan, addressed to petitioner, which states:

"I have before me your motion for appointment of counsel.

"I suggest that you renew this motion and file it in the circuit court from which your conviction came since favorable action in this court would result in its referral there for determination.

"You may be able to save some time by refiling yourself in the lower court."

Thus, it is evident the Supreme Court of Michigan redirected the petitioner to the trial court of the State, the Circuit Court of Macomb County, as the proper forum in which the plaintiff may obtain the requested hearing under the law.

After January 1, 1964, a new Constitution became effective in the State of Michigan. Article I, Section 20 of this Constitution provides:

"Accused, rights in criminal prosecutions. Sec. 20. In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in all courts not of record; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; *to have the assistance of counsel for his defense; to have an appeal as a matter of right; and in courts of record, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal.*" (Emphasis supplied.)

In addition, the new Constitution provides for a court of appeals, Article VI, Sections 1, 8, 9 and 10. The Judges of that Court were elected in the general election on November 3, 1964, and will take office on January 1, 1965.

In addition, the General Court Rules of the Michigan Supreme Court, Rule 806.4(2) provides for a delayed appeal to the Supreme Court of Michigan without limitation of time.

This court will take judicial notice of the fact that at the Michigan State Judicial Conference in August of 1964, a seminar was held with the Supreme Court Justices and the State trial judges present, at which time the impact of the new Constitution and the recent *United States Supreme Court* decisions of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, were discussed.

I read the Michigan Supreme Court's order of October 27, 1964 in the matter of John Mark Herron to mean that the Michigan Supreme Court intends that petitioner's case should be considered by the Macomb County Circuit Court in accordance with the teachings of the above-cited cases in the United States Supreme Court, and pursuant to the relevant constitutional provisions of the United States and the State of Michigan securing to the petitioner his constitutional rights.

█ The fact that the Macomb County Circuit Court did not act upon petitioner's petition is not necessarily evidence that the Circuit Court will not act in his case. As a matter of fact, the officers of that court have since provided the defendant with a transcript of testimony of the hearing which resulted in his commitment to the Ionia State Hospital. This transcript was furnished on May 28, 1964, well in advance of the November 2, 1964 date on which it was agreed to be provided.

Likewise, since the Clerk of the Supreme Court of the State of Michigan advised the petitioner that he should petition ·the Macomb County Circuit Court for appointment of counsel, this court may reasonably conclude that the state court will afford this petitioner the protection necessary to secure his constitutional rights.

Thus, again, this court denies John Mark Herron's petition on the grounds that the petitioner has not exhausted his remedies in the state courts of Michigan. See Curtis v. Buchkoe, 7 Cir., 336 F.2d 32, and Hampton v. Buchkoe, 7 Cir., 334 F.2d 6.

It is to be noted that the State of Michigan treats hearings pursuant to M.S.A. 28.967(1) as a civil matter. However, that arises out of circumstances which would be criminal in character but for the provisions of that statute.

Because of the at least quasi-criminal character of the proceedings and the directions of the Michigan Supreme Court and the Clerk of the Michigan Supreme Court in response to John Mark Herron's petitions, it is reasonable to conclude that petitioner will receive the same constitutionally guaranteed protections which would be provided if the action were solely criminal in nature.