### William L. THOMAS, Petitioner-Appellant,

v.

### The SHERIFF OF JACKSON COUNTY et al., Respondents-Appellees.

### No. 16343.

United States Court of Appeals
Sixth Circuit.

June 11, 1965.

William L. Thomas, in pro. per.

Frank J. Kelley, Atty. Gen., George E. Mason, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

### PER CURIAM.

The district court has denied two petitions of appellant for writ of habeas corpus because of failure to exhaust state court remedies. The first order was entered by the Honorable Ralph M. Freeman, District Judge, on February 15, 1963, and the second order, from which the present appeal is taken, was entered by the Honorable Talbot Smith, District Judge, on July 16, 1964.

The background facts concerning appellant's prison record as summarized in

the brief of the Attorney-General of Michigan, are set forth in the margin.[1]

Appellant contends that his 1947 conviction expired on or about October 30, 1962, that the sentence on which he now is being held is the five-to-fifteen year sentence imposed for his 1957 escape, and that this sentence is a nullity because it was imposed by a court without jurisdiction. He further contends that he was "kidnapped" by Michigan authorities in St. Louis, Missouri, and returned to the Southern Michigan State Prison.

The Attorney-General contends, on the other hand, that the charge that appellant was "kidnapped" by Michigan authorities is without merit, and that there is no conceivable way for his sentence to have expired, especially in view of the fact that appellant escaped from State Prison on January 5, 1953, and was not returned until February 1956; that he escaped again on February 5, 1957, and was not returned until October 20, 1962; and that after allowing regular "good time" his maximum thirty-year sentence will not expire until October 10, 1975.

Even if appellant is correct in his contentions, it is necessary that he exhaust his state remedies before proceeding in the district court. 28 U.S.C. § 2254; Curtis v. Buchkoe, 336 F.2d 32 (C.A. 6); Hampton v. Buchkoe, 334 F.2d 6 (C.A. 6). In his petition for habeas corpus appellant says that he sees "no legal or sensible reason" why he "should continue to fool around in the State Courts any longer" and "there is no need to exhaust the State remedies any more because the people here in this County and State just won't give me any justice." Nevertheless, as said in Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, "[T]he federal habeas corpus judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts * * *."

The decision of the district court is affirmed.

---

1. "On February 28, 1947 appellant was sentenced as a third offender, in Recorder's Court, Detroit, Michigan, to serve 15 to 30 years for breaking and entering in the nighttime. Appellant committed this crime while on parole and he did not commence to serve time on this sentence until September 18, 1948, the maximum expiration of his previous sentence. On January 5, 1953 appellant escaped from Southern Michigan State Prison. Although appellant was not prosecuted for this offense, the Warden of Southern Michigan State Prison ordered the time forfeited in the amount of 1 year, 11 months and 8 days for the escape. On February 17, 1956 appellant was sentenced in Recorder's Court to serve 6 months to 5 years for carrying a concealed weapon. This sentence was to be served concurrently with the 15 to 30 year sentence. Appellant has not appealed either of these two convictions in the State courts. On February 5, 1957 appellant, while in the custody of a prison guard, was permitted to attend the funeral of his sister, and on that date appellant escaped. From that date until August 31, 1962 appellant's whereabouts were unknown. On October 11, 1962 the Governor of Missouri issued a rendition warrant granting appellant's extradition to the State of Michigan. Appellant was advised of his rights under the Uniform Criminal Extradition Act by Provisional Judge Francis Kane and was allowed until October 17 to file application for writ of habeas corpus contesting the extradition. Appellant failed to petition for a writ of habeas corpus and on October 17, 1962 the Chief of Police of St. Louis, Missouri, informed the Warden of Southern Michigan State Prison that appellant was available for delivery to Michigan authorities. On October 20, 1962 appellant was returned to Southern Michigan State Prison at Jackson. * * *

"After several months of delay forced by appellant's refusal to accept the court-appointed attorney, appellant was convicted of escape and on September 23, 1963 appellant was sentenced as a fourth offender to serve 5 to 15 years in State Prison. Appeal on this conviction is now pending before the Michigan Court of Appeals."