PEOPLE v. WYNN

CRIMINAL LAW—CONVICTION—NEW TRIAL—INEFFECTIVE COUNSEL.
The general rule is that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, pretense, or without adequate opportunity for conference and preparation.

Appeal from Oakland, Adams (Clark J.), J. Submitted Division 2 November 7, 1968, at Lansing. (Docket No. 4,482.) Decided November 26, 1968. Leave to appeal denied February 20, 1969. 381 Mich 804.

Clemon Wynn, Jr., was convicted of perjury. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

PER CURIAM. Defendant appeals his conviction and sentence for committing perjury in violation of

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 315.

CL 1948, § 750.422 (Stat Ann 1954 Rev § 28.664). The appeal raises nine issues of alleged reversible error.

Several unindorsed witnesses testified at trial. No objection was made to their testimony. Defendant's claim of reversible error in this respect is contrary to *People* v. *Rimson* (1966), 3 Mich App 713.

Defendant's contention that there was insufficient evidence to establish the crime is not supported by the record.

Defendant claims reversible error in the instructions given and in the failure to instruct. The record discloses neither objection to the charge given nor request to instruct that was not given. Error, if any, was not preserved. GCR 1963, 516.2; *People* v. *Cassiday* (1966), 4 Mich App 215. The charge as a whole was fair, proper and adequate.

Defendant seeks a new trial because of the alleged ineffectiveness of his trial counsel.

"It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." *Williams* v. *Beto* (1965), 354 F2d 698, 704.

On this record, the foregoing test is not met.

The 3 remaining errors asserted by defendant are so inconsequential they do not merit discussion.

Affirmed.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.