## PEOPLE v. HUNT

1. CRIMINAL LAW—RIGHT TO COUNSEL—QUESTIONING—STATEMENTS.
Questioning of defendant before the appointment of an attorney for him did not constitute error, where defendant was apprised of his rights at the time of questioning but did not request appointment of counsel, the record contained evidence that defendant's statements were voluntarily given, and no objection to their admission was made at trial.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE.
Contention of defendant that the prosecution must introduce the same evidence at trial as introduced at the preliminary examination is without merit.

3. CRIMINAL LAW—SENTENCE—DISCRETION.
Claim of defendant who was convicted of armed robbery that his sentence, which was within the statutory limits, was too harsh, is not reviewable by the Court of Appeals (CLS 1961, § 750.529).

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 March 12, 1969, at Grand Rapids. (Docket No. 3,879.) Decided March 28, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
Scope and extent, and remedy or sanctions for infringement of accused's right to communicate with his attorney. 5 ALR3d 1360.
Comment note—necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[2] 21 Am Jur 2d, Criminal Law §§ 222, 309–317, 368.
Admissibility of confession, admission, or incriminatory statement of accused by fact that it was made after indictment and in the absence of counsel. 90 ALR2d 732.
16 Am Jur 2d, Constitutional Law § 573.
[3] 21 Am Jur 2d, Criminal Law §§ 535, 536.

Charles Hunt, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Ronald J. Taylor*, Prosecuting Attorney, and *Tat Parish*, Assistant Prosecuting Attorney, for the people.

*Wilbur Schillinger*, for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant appeals his conviction of armed robbery, CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797), and sentence to prison for not less than 20 years nor more than 50 years. He raises 4 questions: (1) was defendant's arrest without warrant for armed robbery and subsequent conviction based thereon erroneous; (2) did the questioning of defendant prior to the appointment of an attorney for him constitute error; (3) must the prosecution introduce the same evidence at trial as introduced at the preliminary examination; (4) was the sentence given the defendant too harsh?

The record reveals sufficient facts and circumstances within the arresting officer's knowledge to constitute probable cause to arrest without warrant. See *People* v. *Sansoni* (1968), 10 Mich App 558, 564–566. Defendant was apprised of his rights at the time of the questioning but did not request appointment of counsel; furthermore the record contains evidence that defendant's statements were voluntarily given and no objection to their admission was made at trial. See *People* v. *Gollman* (1966), 3 Mich App 463. The contention that the prosecution must introduce the same evidence at

trial as introduced at the preliminary examination is without merit. See *People* v. *Likely* (1966), 2 Mich App 458, 460. Defendant's sentence is within the statutory limits and not reviewable by this Court. See *People* v. *Doran* (1967), 6 Mich App 86.

Affirmed.