**Floyd A. DOMBKOWSKI, Petitioner,**

v.

**Perry JOHNSON, Warden for the State Prison of Southern Michigan, Respondent.**

**No. 73–1324.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1973.

Decided Dec. 5, 1973.

Leo H. Hildebrandt, Jr. (Court appointed) Cincinnati, Ohio, for appellant.

Thomas A. Carlson, Asst. City Sol. Gen., for appellee; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., on brief.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying petitioner's request for a writ of habeas corpus.

While sitting in a Grand Rapids bar on the evening of February 26, 1970, petitioner was approached by two small boys who offered to sell him some candy. Petitioner asked the boys to meet him in an alley behind the club ostensibly for the purpose of paying for the candy, but when petitioner arrived he allegedly attempted to pull down the trousers of one of the boys.

The boys fled and reported the incident to their mother who called the police. The mother and a male companion then located petitioner outside another nearby tavern. The male companion restrained petitioner until two policemen arrived.

After listening to an account of the events by the boys' mother and noting that the petitioner was intoxicated and using violent speech, the policemen arrested him on a charge of being drunk and disorderly in violation of Grand Rapids Ordinance Code § 9.134. The next day petitioner entered a plea of guilty to this city charge and was sentenced to 18 days in jail.

Subsequently petitioner was charged with and convicted in a Michigan state court of attempting to take indecent liberties with a minor child. M.C.L.A. § 750.336. Petitioner unsuccessfully appealed this state felony conviction to the Michigan Court of Appeals, People v. Dombkowski, 35 Mich.App. 264, 192 N. W.2d 286 (1971), and later to the Michigan Supreme Court, 386 Mich. 757 (1971). Although the petitioner alleged five assignments of error in the Court of Appeals, he alleged only one assignment of error in the Supreme Court.

The petitioner next filed a petition for a writ of habeas corpus in the United States District Court. His primary contention—the only issue raised on both appeals in the Michigan state courts— was that he was placed in double jeopardy in violation of the Fifth Amendment by being placed on trial for indecent liberties by the state of Michigan after having previously been tried and found guilty on the city charge of being drunk and disorderly. The double jeopardy provision of the Fifth Amendment has been applied to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The District Judge held that petitioner was not placed twice in jeopardy because the drunk and disorderly conviction was based on facts and circumstances other than the conduct which led to his conviction for attempting to take indecent liberties with a minor child. We agree.

Petitioner relies on Ex Parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). In each of those cases, the Supreme Court granted relief to a petitioner on the basis of a finding that the petitioner was twice placed in jeopardy.

Those cases are, however, clearly distinguishable from the instant case in that in each of them both trials were based on charges that arose out of the same factual episode. In *Nielsen*, the court granted a writ of habeas corpus where a petitioner had been tried first on a charge of unlawful cohabitation and later on a charge of adultery for the same instance of cohabitation. In *Ashe*, where the accused had allegedly robbed six poker players, the court would not sanction trial of the accused for the robbery of one player after the accused had previously been acquitted of the robbery of another player. In *Waller*, the court held that the theft of a mural from a city hall could not serve as the basis for successive trials, one for destruction of public property and another for grand larceny.

 In this case, the police officer who made the arrest testified that he arrested petitioner on the drunk and disorderly charge because of petitioner's intoxicated condition and use of violent speech in his presence. The police officer also testified that he specifically refused to arrest petitioner at that time for indecent liberties in spite of the boys' mother's insistence that he do so.

Petitioner's subsequent trial for indecent liberties was based on his behavior toward the boys in the alley behind the bar. This episode occurred some thirty to forty-five minutes prior to petitioner's confrontation with the police. Therefore, it is clear that the District Court was correct in concluding that the basis for the two charges against petitioner arose out of different facts and circumstances.

Accordingly, we hold that under the circumstances of this case petitioner was not placed in double jeopardy in violation of the Fifth Amendment by being placed on trial for attempting to take indecent liberties with a minor child subsequent to his conviction for being drunk and disorderly.

In this case, petitioner also attempts to raise certain other issues of constitutional dimensions. These issues were presented to the Michigan Court of Appeals but were not made the basis of an application for leave to appeal to the Michigan Supreme Court.

The District Judge correctly refused to consider these issues in petitioner's application for a writ of habeas corpus on the ground that petitioner had failed to exhaust his state remedies with respect to these issues. Exhaustion of state remedies, including the right of delayed appeal, is a condition to seeking habeas corpus relief in the federal courts. 28 U.S.C. § 2254(b). Albertson v. Johnson, 440 F.2d 1201 (6th Cir. 1971); Curtis v. Buchkoe, 336 F.2d 32 (6th Cir. 1964); Hampton v. Buchkoe, 334 F.2d 6 (6th Cir. 1964).

Affirmed.