888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Petitioner-Appellant,
v.
Ted KOEHLER, Respondent-Appellee.
 No. 89-1709.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rodney Branham moves to expedite the briefing schedule and the appeal and appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a bench trial, Branham was convicted of voluntary manslaughter and sentenced to ten to fifteen years in prison.
 
 
 3
 This case stems from two civil actions that Branham filed in Macomb County Circuit Court. The first was a petition for expungement of his conviction pursuant to Mich.Comp.Laws Ann. Sec. 780.621. The second case, styled as a "Motion to Show Cause for Injunctive Relief" contested the Department of Corrections' method of computing his good-time credits. Both Branham's petition and his motion were denied, and he did not appeal. He then brought the instant habeas corpus petition in which he contests these two Macomb County Circuit Court decisions.
 
 
 4
 Specifically, Branham claimed that the Macomb County Circuit Court erred in denying his motion for expungement of his conviction without a hearing, without appointed counsel, without his physical presence, and without granting him a waiver of the fifteen dollar fee, and that the court erred by denying his motion for return of his good-time credits without a hearing.
 
 
 5
 After reviewing the petition and supplement, respondent's motion to dismiss, Branham's reply and motion for summary judgment, and respondent's memorandum in opposition, along with the magistrate's report and recommendation and Branham's objections, the district court dismissed the petition as Branham did not raise any issues cognizable in a federal habeas corpus petition.
 
 
 6
 On appeal, Branham argues that the district court failed to conduct an evidentiary hearing, that there is no effective state corrective process to return his lost good-time credits, and that the district court erroneously denied his request for various pleadings.
 
 
 7
 Upon consideration, we conclude that the district court correctly decided that Branham did not raise any issues cognizable in a federal habeas corpus petition. Federal courts have no power to intervene on the basis of an alleged error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). The state of Michigan has statutory provisions for calculating good-time credits and providing for petitions for expungement. See Mich.Comp.Laws Ann. Sec. 780.621. As this is a matter of state law, it presents no federal question. See Bird v. Summit Cty., Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam); Burns v. Crouse, 339 F.2d 883-84 (10th Cir.1964) (per curiam), cert. denied, 380 U.S. 925 (1965). As a result, Branham's petition for expungement and motion challenging the computation of his good-time credits are not properly presented in this habeas corpus petition.
 
 
 8
 In addition, Branham cannot legitimately claim that the Macomb County Circuit Court's actions denied his due process rights. He was not denied any federal due process rights when that court denied his petition for expungement without a hearing or appointed counsel. The state statute, Mich.Comp.Laws Ann. Sec. 780.621(9), does not create a protected liberty entitlement as the state did not place substantive limitations on official discretion with particularized standards. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 9
 Neither does Branham have a legitimate due process claim with respect to the denial of his request for restoration of his good-time credits. That claim is inappropriately raised in this habeas petition as he failed to first exhaust available state court remedies. See Preiser v. Rodriguez, 411 U.S. 475, 493 (1973). Thus, Branham's failure to raise that issue in both the Michigan Court of Appeals and the Michigan Supreme Court precludes consideration of this claim in this petition. See Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir.1973) (per curiam). Contrary to Branham's argument on appeal, Michigan provides an adequate remedy for restoration of his good-time credits through Mich.Comp.Laws Ann. Sec. 791.251. Until Branham presents his claim to all levels of the Michigan judicial system, his claim for restoration of good-time cannot be considered in federal court.
 
 
 10
 Next, the district court properly denied Branham's motions for discovery as the habeas corpus petition does not state any claim for federal habeas relief and discovery would not cure this fundamental default. Neither has Branham shown prejudice from these missing records and, thus, he failed to establish that he was denied the right to fairly present his case. See Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987).
 
 
 11
 Finally, in light of the foregoing, the district court properly declined to conduct an evidentiary hearing on the matter as the record demonstrates that Branham is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 For these reasons, the motions to expedite the briefing schedule and appeal are denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.