PEOPLE *v.* HEALY.

1. CRIMINAL LAW—INDECENT AND IMPROPER LIBERTIES—STATUTES.
   Purpose of Act No. 328, Pub. Acts 1931, § 336, is to punish male persons who take such liberties with female children as the common sense of society would regard as indecent and improper.

2. SAME—IMMORAL INTENT—EVIDENCE.
   Evidence which discloses lack of immoral intent *held,* insufficient to establish that defendant had taken indecent and improper liberties with person of ten-year old girl (Act No. 328, Pub. Acts 1931, § 336).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.  Submitted October 13, 1933.  (Docket No. 126, Calendar No. 37,428.)  Decided December 5, 1933.

Douglas Healy was convicted of taking indecent and improper liberties with the person of a ten-year old girl. Reversed.

*Thomas D. Anderson,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *Bartel J. Jonkman,* Prosecuting Attorney, for the people.

Sharpe, J. The information in this case charged the defendant with taking indecent and improper liberties with the person of a female child 10 years of age. Upon the trial she testified that defendant, standing in front of his house, said he had a job for her and would pay her a nickel; that she went into the front room with him, and that he said they would better go into the kitchen as somebody might see them; that in the kitchen he told her to sit down; that she "was wearing bloomers with rubber bands in the bottom, he pulled up both legs of the bloomers about half way between the knees and the thigh," and told her he was going to draw a picture; that he had a paper and sat down in a chair and began drawing her legs with a pencil; that some of the other children called to her and she wanted to go and he gave her a nickel and told her not to tell anybody and she said "yes."

The defendant testified that he worked in an automobile plant and that painting was a "side line" with him; he had taken drawing lessons in school and had painted about 10 pictures; that he had drawn faces, but not a picture of a living person; that this child was the first model he ever had. He described what occurred as she did, and said he asked her not to tell because "she started whimpering, I thought she would go home crying, and something would be thought wrong." He was at that

time 41 years of age. Dr. Byers testified that he had purchased a picture from the defendant and "knew he was an artist."

The case was tried before the judge without a jury. He stated:

. "In this case it does not appear that the respondent was guided by any immoral motive or any immoral intent; it does not appear that he was guided by passion or lust, or that he intended to place his hands in any manner upon the private parts of this little girl. Had he so intended there was ample opportunity to do that."

He, however, found that defendant's conduct was "improper" and convicted him "of taking improper liberties."

The purpose of the statute (Act No. 328, Pub. Acts 1931, § 336) is to punish male persons who take indecent and improper liberties with the persons of female children. The liberties referred to are such "as the common sense of society would regard as indecent and improper." *People* v. *Hicks,* 98 Mich. 86, 90. Had the father or mother been present, it is doubtful if they would have objected to what was done by the defendant. The record discloses no indecent and improper liberties taken with the person of the little girl.

The conviction is set aside and the defendant discharged.

McDONALD, C. J., and WEADOCK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.