PEOPLE v. VISEL.

1. CRIMINAL LAW—MERGER OF OFFENSES.

Under conviction of taking indecent and improper liberties with a 13-year old girl, lesser offense of assault was merged in the major crime (Act No. 328, § 336, Pub. Acts 1931).

2. SAME—INDECENT AND IMPROPER LIBERTIES—ASSAULT—INTENT—INSTRUCTIONS.

Instruction which permitted conviction of crime of taking indecent and improper liberties with a 13-year old girl upon finding an assault with intent to commit that crime held, erroneous and highly prejudicial (Act No. 328, § 336, Pub. Acts 1931).

3. SAME—MERGER OF OFFENSES—INFANTS.

An assault or assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under 14 years of age (Act No. 328, § 336, Pub. Acts 1931).

4. SAME—INTENT—INDECENT AND IMPROPER LIBERTIES—STATUTES.

The major crime of taking indecent and improper liberties is not committed by an intent, short of consummation; the liberties penalized by the statute being such as the common sense of society would regard as indecent and improper (Act No. 328, § 336, Pub. Acts 1931).

5. SAME—INSTRUCTIONS—CURING ERROR.

Erroneous instruction permitting jury to convict defendant of crime of taking indecent and improper liberties with the person of a 13-year old girl by finding of assault with intent to commit that crime held, not cured by later instruction so connected with the previous one as to further confuse the real issue (Act No. 328, § 336, Pub. Acts 1931).

6. SAME—EVIDENCE—INSTRUCTIONS.

An accused has a right to have a jury pass upon the evidence under proper instructions.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 16, 1936. (Docket No. 121, Calendar No. 38,689.) Decided March 3, 1936.

William Visel was convicted of assaulting and taking indecent and improper liberties with the person of a 13-year old girl. Reversed with a new trial.

*Andrew J. Sawyer* and *Jacob F. Fahrner,* for appellant.

*David H. Crowley,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, and *Albert J. Rapp,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of an assault upon a girl, 13 years of age, and taking indecent and improper liberties with her person,[*] and prosecutes review by appeal.

Under the conviction the lesser offense of assault was merged in the major crime. The court instructed the jury:

"I imagine that I can believe that a man would put his arm around a child, a girl of the age of Florence Cotton, with intent to take indecent liberties. He is guilty the minute he touches her, of the offense. It rests with his intent. What does he intend to do? These crimes are effected by beginning rather subtly and approaching the worst degree of the crime later on. In my estimation, a man who has the wrong intent may start with even the placing of his hand on the shoulder of a female child, not necessarily around her. If he has the intent to follow these actions up, there is no particular place where it begins, if he has the intent to accomplish something that is vilely wrong as against this par-

---

[*] See Act No. 328, § 336, Pub. Acts 1931.—REPORTER.

ticular female, there is no particular place where the touching of her or the assault itself becomes indecent liberties, becomes the crime of indecent liberties, if it is just a sequence of what he begins in the first place and intends to follow up. It might even be the laying of a finger on her, if the intent is to follow it up. It is necessary to touch the body in order to bring this kind of a crime within the statute. I was going to say to this jury, and I don't have to say it, that any man 44 years of age, the father of seven children, three of whom are married, who would go to bed as this man admits he did, with this girl, that that might take care of the question of assault in itself, but I don't have to go that far. If this man laid his hands on this little girl, laid a hand on her shoulder, or a finger on her cheek, or an arm around her waist, with the intent to follow his act up, he is guilty of taking indecent liberties with this female child.''

The instruction was erroneous and highly prejudicial in that it permitted a verdict of guilty of taking indecent and improper liberties upon a finding of assault with intent to commit that crime.

An assault or an assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under the age of 14 years. *People* v. *Sanford,* 149 Mich. 266; *People* v. *Dupree,* 175 Mich. 632; *People* v. *Place,* 226 Mich. 212.

The major crime of taking indecent and improper liberties is not committed by an intent, short of consummation. The liberties, penalized by the statute, are such ''as the common sense of society would regard as indecent and improper.'' *People* v. *Hicks,* 98 Mich. 86; *People* v. *Healy,* 265 Mich. 317.

The trial judge seems to have had the idea that intent was involved. Ordinarily this would have

placed an undue burden upon the prosecution but in this case, as given in the instruction to the jury, it was a weapon against the accused and held him guilty if his intent was bad in even touching the shoulder of the girl.

The prosecuting attorney claims that the error mentioned was cured by the following instruction:

"Before you can find the defendant guilty, you will have to find that the defendant actually took some indecent and improper liberties with the person of Florence Cotton, as charged in the information. As I said before, it will have to be some physical act. * * * That is, he cannot be convicted unless you find that there was some physical connection between him and this girl, made with intent to commit indecent liberties, or to follow up his act and gain the confidence of this girl, until he might accomplish whatever purpose he set out to accomplish, and you find that to be indecent. Before you will be justified in finding him guilty, you must be satisfied that he committed some physical act which, in the light of all the facts, was indecent and improper, or a chain in the entire act, which, if you find it to be more than what the court suggested, the laying of his hand on her shoulder, or his arm around her waist, was a part of the whole act which he had the intention to commit, which, in the light of all the facts, was indecent and improper in its nature, and contrary to the sense of decency, and by which he actually assaulted her person."

This still carried the question of intent and was so connected with the mentioned previous instruction as to be but further confusion of the real issues.

The prosecuting attorney asks for affirmance on the ground that there has been no miscarriage of justice.

Defendant has a right to have a jury pass upon the evidence under proper instructions. This right he has not had. The record has been examined and the error found of such a character and so prejudicial to defendant's rights as to command reversal and a new trial.

The conviction is reversed with a new trial and defendant remanded to await such trial.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred. TOY, J., did not sit.