PEOPLE *v.* LAKIN.

1. CRIMINAL LAW—INDECENT LIBERTIES.
   The liberties penalized as indecent are such as the common sense of society would regard as indecent and improper (Act No. 328, § 336, Pub. Acts 1931).

2. INDICTMENT AND INFORMATION—INDECENT LIBERTIES—EVIDENCE —PROBABLE CAUSE.
   Testimony of complaining witness, a 12-year old girl, that defendant, a man, sought, by asking, to have her engage with him in indecent conduct, offered her a quarter if she would accede to his wishes and then placed his hand on her knee *held,* sufficient to justify binding defendant over for trial on charge of assaulting and taking indecent liberties with a girl 12 years of age without committing or attempting to commit the crime of rape (Act No. 328, § 336, Pub. Acts 1931).

Appeal from St. Clair; Robertson (William), J. Submitted October 13, 1938. (Docket No. 79, Calendar No. 39,727.) Decided November 10, 1938.

Henry Lakin was charged with taking indecent liberties with a female child under the age of 16 years without committing or attempting to commit the crime of rape. Respondent's motion to dismiss denied. Respondent appeals. Affirmed and remanded.

*David A. Fitzgibbon* and *Octavio P. Guerra,* for appellant.

*Raymond W. Starr,* Attorney General, *Arthur M. Mann,* Prosecuting Attorney, and *Duncan J. Mc-*

*Coll, Jr.,* and *Miles K. Benedict,* Assistant Prosecuting Attorneys, for the people.

NORTH, J.   A complaint was filed against the defendant, Henry Lakin, charging him with assaulting and taking indecent liberties with a girl 12 years of age, without committing or attempting to commit the crime of rape.   At the examination in justice court the girl gave testimony from which it appears that at a time when she was in defendant's shoe repair shop he sought, by asking, to have her engage with him in indecent conduct, and offered her a quarter if she would accede to his wishes.   He then placed his hand on her knee.   At the time the overtures by speaking were made, the defendant was five feet from the girl.   Lakin was bound over to the circuit court, where he stood mute and a plea of not guilty was entered for him.   He thereupon moved for a dismissal on the ground that the evidence given at the examination was insufficient to bind him over to the circuit court for trial.   The motion was denied and defendant, having obtained leave, has appealed.

Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115–336, Stat. Ann. § 28.568), provides that if any male over 16 years of age shall assault and take indecent liberties with a female child under the age of 16 without committing or intending to commit the crime of rape he shall be guilty of a felony.   The liberties penalized as indecent are such ''as the common sense of society would regard as indecent and improper.''   *People* v. *Hicks,* 98 Mich. 86; *People* v. *Healy,* 265 Mich. 317; *People* v. *Visel,* 275 Mich. 77.

The mere fact, standing alone, of defendant having placed his hand on this girl's knee might not be deemed indicative of criminal conduct, but coupled

with defendant's attending proposal it surely violated the common conception of what is considered decent and proper. Defendant's proposal did more than just manifest his intent. It amounted to a solicitation to have this young girl participate in sexual misconduct with defendant, and thereby stamped as licentious his act in touching the female's person. Had the girl's parents or any decent adult been present, there would have been objection not to the touching alone, but to the touching accompanied by defendant's indecent proposal. Under some circumstances a given act may be permissible, yet when that same act is accompanied by improper suggestions or proposals and occurs in surroundings such as are here disclosed, it assumes a new aspect and becomes criminal in character. What we have already said herein distinguishes from the instant case the decisions cited by appellant, among which are *People* v. *Healy, supra,* and *People* v. *Visel, supra.* The record contains sufficient testimony to justify binding defendant over for trial in the circuit court. The trial judge properly denied appellant's motion to dismiss. The case is remanded for further proceedings therein.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.