PEOPLE v. BRANDT

OPINION OF THE COURT

1. CRIMINAL LAW—INDECENT LIBERTIES—STATUTE—KISSING.

Defendant's action in kissing a ten-year-old girl on her face and neck and inserting his tongue into her mouth, without further sexual overtones, are not sufficiently criminal, within the meaning of the statute, to justify a conviction for taking indecent liberties with a female child under sixteen (MCLA § 750.336).

2. CRIMINAL LAW—INDECENT LIBERTIES—STATUTE.

The question of what actions constitute the lowest threshold of criminal conduct under the indecent liberties statute is one of law to be decided by the court and not a question of fact (MCLA § 750.336).

3. APPEAL AND ERROR—REVIEW—JUDGMENT—VERDICT.

Appellate courts traditionally exercise a broader view of a judge's decision than a jury verdict, reasoning that a finding of fact by twelve jurors is more likely to be sound than that of one man.

DISSENTING OPINION

GILLIS, P. J.

4. CRIMINAL LAW—INDECENT LIBERTIES.

*Whether or not one who kisses a female child under age sixteen and inserts his tongue into her mouth, is guilty of the offense of indecent liberties under the statute, is not a question of law, but a question for the triers of fact (MCLA § 750.336).*

Appeal from Eaton, Richard Robinson, J. Submitted Division 2 April 10, 1969, at Lansing. (Docket No. 6,057.) Decided June 26, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 6 Am Jur 2d, Assault and Battery § 41.
[3] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

Leslie Brandt was convicted of taking indecent liberties with a female under the age of sixteen years. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Willard Mikesell,* Prosecuting Attorney, for the people.

*Wiley E. Bean,* for defendant.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

LEVIN, J. Defendant was convicted by a judge, sitting without a jury, of taking indecent and improper liberties with a girl under the age of 16 years. MCLA § 750.336 (Stat Ann 1954 Rev § 28-.568). At the time the alleged offense was committed, the girl was ten years of age and the defendant was an invited guest in her home. The child's parents were also at home. The testimony showed that the defendant entered the child's bedroom, sat on the edge of the bed, kissed her several times on the mouth and neck and put his tongue in her mouth. The trial judge found that there was no attempt or request to take other liberties.

Kissing can be sexual or nonsexual. In our culture, kissing, unaccompanied by other sexual overtones, is not generally regarded as indecent even if the person kissed or, in the case of a young child, the parents of that child, regard the kissing as objectionable. Thus, the defendant's action in kissing the young girl on her lips and on her neck which might well be regarded, under the circumstances, as indiscreet, was not indecent within the meaning of this statute.

The people stress the testimony which showed that additionally the defendant while kissing the girl inserted his tongue in her mouth.   This was not such a variation from permissible, noncriminal conduct to justify characterization of the defendant's action as violative of this statute at least where, as here, there is no claim or evidence that the defendant solicited or otherwise touched the child sexually.[1]  We are convinced that the defendant's conduct was not the kind the legislature had in mind when it made the taking of indecent and improper liberties a crime for which a man may be sentenced to up to 10 years' imprisonment.

The question of what constitutes the lowest threshold of criminal conduct under this statute is one of law to be decided by the court; the minimum standard is not a question of fact.   Undoubtedly there are those who would regard the defendant's actions as indecent, but we cannot say that their evaluation is so universally held that it can properly be termed the "common sense of society." *People* v. *Hicks* (1893), 98 Mich 86, 90.[2]

---

[1] There is nothing in the agreed statement of facts upon which this appeal was submitted to support a determination that the defendant's actions, even if thought to be indecent and improper liberties, were motivated by a desire to gratify himself sexually or by an immoral intent or purpose.   Compare *People* v. *Lakin* (1938), 286 Mich 282, *People* v. *Szymanski* (1948), 321 Mich 248, 251, 252, and *People* v. *Healy* (1933), 265 Mich 317, 319, with *People* v. *Visel* (1936), 275 Mich 77, 78, 79.   Also *cf. State* v. *Mathews* (Mo, 1959), 328 SW2d 642, 644; *Boles* v. *State* (1946), 158 Fla 220 (27 So 2d 293) and *Koch* v. *Commonwealth* (Ky App, 1955), 290 SW2d 783, requiring proof of such intent under statutes, such as Michigan's, not expressly requiring such proof.   See, also, *State* v. *Richmond* (1966), 266 NC 357 (145 SE2d 915) and *Martin* v. *State* (1963), 245 Ind 224 (194 NE2d 721), construing statutes expressly requiring proof of such intent.

[2] In this connection we note that in the cases relied on by the people the meritorious issue was decided by a jury and not by a trial judge. As we observed in *Humphrey* v. *Swan* (1968), 14 Mich App 683, 686:

"Appellate courts traditionally exercise a broader review of judges' decisions than of jury verdicts.

" 'A jury's verdict-view of facts is entitled to an even higher degree of appellate respect than is a judge's verdict-view of the same facts,

Reversed. The defendant is discharged.

Bronson, J., concurred.

J. H. Gillis, P. J. (*dissenting*). I cannot subscribe to an opinion which holds that one who kisses a 10-year-old girl and inserts his tongue in her mouth is not guilty of taking indecent and improper liberties as a matter of law. A standard jury instruction, approved by the Supreme Court, is found in *People* v. *Hicks* (1893), 98 Mich 86, and *People* v. *Noyes* (1950), 328 Mich 207, 211:

"Indecent and improper liberties with the person of such child means such liberties as the common sense of society would regard as indecent and improper. No particular definition is given by the statute of what constitutes this crime. The common sense of the community as well as the sense of decency and propriety and morality which most people entertain is sufficient to apply the statute to each particular case and point out what particular conduct is rendered criminal by it, that is, by the statute."

Whether defendant's conduct in the instant case "is not such a variation from permissible non-criminal conduct to justify characterization of the defendant's action as violative of this statute" is a question for the trier of fact.

I vote to affirm.

---

learned through the judge may be in law. For reasons known well to students of American history, a finding of fact by "the twelvers" is more apt to be sound than that of one man.' *Schneider* v. *Pomerville* (1957), 348 Mich 49, 54."