PEOPLE *v* McCALEB

1. CRIMINAL LAW—GROSS INDECENCY—PROHIBITED CONDUCT—FELLATIO—QUESTION OF FACT.

The trier of fact determines whether fellatio is prohibited by the gross indecency statutes because the statutes do not define the type of conduct proscribed (MCLA 750.338, 750.338b).

2. CRIMINAL LAW—GROSS INDECENCY—FELLATIO—QUESTION OF FACT.

A jury, when sitting as the trier of fact, must determine whether an act of fellatio between a male and a female (1) was committed and (2) whether it is conduct which the common sense of society regards as indecent and improper; thus, instructing the jury that an act of fellatio between the defendant and the female complainant constituted gross and indecent conduct,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 275 *et seq.*
[3] 53 Am Jur, Trial § 639 *et seq.*
[3, 4] 5 Am Jur 2d, Appeal and Error § 545.

regardless whether the act was by force, consent, or agreement, constituted reversible error, because the instruction eliminated from the jury the question of whether such conduct was indecent and thus effectively denied a trial by jury.

3. CRIMINAL LAW—GROSS INDECENCY—ELEMENTS OF CRIME—INSTRUCTIONS TO JURY—FAILURE TO OBJECT—APPEAL AND ERROR.

Instructing the jury that an act of fellatio between a male and female constitutes gross and indecent conduct, regardless of whether the act was by force, consent, or agreement, removed an essential element of the offense of gross indecency from the jury's consideration; consequently, defendant's failure to object to that charge did not waive the instructional error on appeal.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO OBJECT—APPEAL AND ERROR.

Any error in the trial court's instructing the jury that the people are presumed to have presented all the evidence that is available was waived on appeal where the defendant did not object to instruction, because the instruction, given in response to an inference drawn by defense counsel in closing argument, did not result in manifest injustice.

Appeal from Recorder's Court of Detroit, Cornelius J. Sullivan, J. Submitted Division 1 November 8, 1971, at Detroit. (Docket No. 9429.) Decided January 17, 1972.

William McCaleb was convicted of carnal knowledge of a female over 16 years and of gross indecency. Defendant appeals. Affirmed as to conviction of carnal knowledge; reversed and remanded for a new trial as to conviction of gross indecency.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Thomas R. Lewis*, Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Van Valkenburg,* JJ.

Lesinski, C. J. Defendant William McCaleb was convicted by a jury of the crimes of carnal knowledge of a female over 16 years, MCLA 750.520; MSA 28.788, and committing an act of gross indecency between a male and a female, MCLA 750.338(b); MSA 28.570(2). He appeals as of right.

Defendant contends that it was reversible error for the trial court to instruct the jury that as a matter of law the act of fellatio is prohibited by the gross indecency statute, rather than leaving that determination to the jury as a basic element of the crime to be ascertained by the trier of fact.

The gross indecency statute does not define what constitutes its violation due to the indelicacy of the subject matter. The statute states:

"Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

more than 5 years, or by a fine of not more than
$2,500.00, or if such person was at the time of the
said offense a sexually delinquent person, may be
punishable by imprisonment in the state prison for
an indeterminate term, the minimum of which shall
be 1 day and the maximum of which shall be life."

This Court was called upon to interpret a similar
statute, gross indecency between two male persons,
MCLA 750.338; MSA 28.570, in *People* v *Dexter,* 6
Mich App 247 (1967).

In *Dexter,* we did not hold that as a matter of law
fellatio is prohibited by the gross indecency statute.
What this Court did in *Dexter* was affirm a jury's
determination as trier of fact that the act of fellatio
violated the gross indecency statute.   Dictum from
*People* v *Schmitt,* 275 Mich 575, 577 (1936), was
cited in *Dexter* at 250, for the proposition that "fel-
latio is prohibited by the gross indecency statute".
This statement, however, fails to tell us whether fel-
latio is prohibited as a matter of law or only upon
jury determination.   This statement in *Schmitt* re-
lied on *People* v *Swift,* 172 Mich 473 (1912), for its
authoritative basis.   *Swift,* however, was a jury case
in which the trier of fact determined in the first in-
stance that the gross indecency statute had been vio-
lated.   It is to be noted that nowhere in *Swift* is fel-
latio mentioned as the type of conduct prohibited by
the act.   *Dexter* and *Schmitt,* resting as they do on
*Swift,* thus fail to resolve the issue posed by the
case at bar.

This Court, in *Dexter,* p 252, held that the gross
indecency statute was not unconstitutionally vague
when the standard of *People* v *Hicks,* 98 Mich 86, 90
(1893), was applied.   In *Hicks,* the Michigan Su-
preme Court stated what that standard is:

"In this case, as in *State* v *Millard,* 18 Vt 577, it
may be said that 'no particular definition is given

by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.' "

In *People* v *Noyes,* 328 Mich 207, 211 (1950), the defendant was charged with taking indecent liberties with a child under the age of 16 under a statute, MCLA 750.336; MSA 28.568, which, like the gross indecency statute, does not describe the conduct it prohibits. The Michigan Supreme Court in that case specifically approved a charge based on the language quoted from *Hicks,* which left the determination of whether defendant's actions constituted indecent liberties to the jury as the trier of fact.

In *People* v *Brandt,* 18 Mich App 267, 270 (1969), another indecent liberties case, Judge J. H. GILLIS in his dissent relied on *Hicks* and *Noyes* for the proposition that:

"Whether defendant's conduct in the instant case 'is not such a variation from permissible noncriminal conduct to justify characterization of the defendant's action as violative of this statute' is a question for the trier of fact."

The majority in *Brandt,* while stating that they felt this determination was one of law, nevertheless qualified this view in footnote 2 of their opinion by distinguishing this case, in which a judge served as trier of fact, from one in which a jury was present. The Court stated at 269–270:

"In this connection we note that in the cases relied on by the people the meritorious issue was de-

cided by a jury and not by a trial judge. As we observed in *Humphrey* v *Swan* (1968), 14 Mich App 683, 686:

" 'Appellate courts traditionally exercise a broader review of judges' decisions than of jury verdicts.

" ' "A jury's verdict-view of facts is entitled to an even higher degree of appellate respect than is a judge's verdict-view of the same facts, learned through [*sic*] the judge may be in law. For reasons known well to students of American history, a finding of fact by 'the twelvers' is more apt to be sound than that of one man." *Schneider* v *Pomerville* (1957), 348 Mich 49, 54.' "

Thus it appears that if the trier of fact in *Brandt* had been a jury instead of a judge, the majority would have subscribed to Judge GILLIS' interpretation of the statute.

In the case at bar the trial judge charged the jury:

"Now count number II in this information is a count which is commonly known as gross indecency. Now this section as I have read it to you penalizes conduct that is of such a character that common sense of society regards it as indecent and improper. Penetration of the male penis into the mouth of a female constitutes the offense whether by force or by consent or agreement."

The jury's function in this case as the trier of fact was to determine that (1) defendant had engaged in fellatio with a female, and (2) fellatio between a male and a female is conduct which the common sense of society regards as indecent and improper. The effect of the trial judge's charge was to eliminate the second element of the crime, "whether the conduct was indecent," from the purview of the jury. In so doing, defendant was effectively denied a trial by jury on this count.

The people contend that defendant's failure to object to this charge at trial waives any objection he might have on appeal. While this is the general rule, the Michigan Supreme Court in *People v Liggett,* 378 Mich 706, 714 (1967), stated:

"It is settled law of this State that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People v Prinz,* 148 Mich 307 [1907]; *People v Kanar,* 314 Mich 242, 254 [1946]; *People v Hearn,* 354 Mich 468 [1958]. Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v MacPherson,* 323 Mich 438, 448, *et seq* [1949]; *People v Guillett,* 342 Mich 1, 7 [1955]; *People v Oberstaedt,* 372 Mich 521, 526 [1964]. Defendant has a right to have a properly instructed jury pass upon the evidence. *People v Visel,* 275 Mich 77, 81 [1936]."

An essential element of the crime having been removed from the jury's consideration, we are faced with a situation in which *People v Liggett, supra,* is directly applicable. Consequently, defendant's failure to object did not waive this error on appeal.

Defendant next contends that it was reversible error for the trial court to instruct the jury, following an objection by the people to an inference made during closing argument of the defense, that:

"The presumption is that the people have produced all of the evidence that is available, that the prosecuting attorney [*sic*] that would be helpful in the decision of this case. It is unfortunate that people refer [*sic,* prefer] to make such references but

sometimes they do, and the jury is now instructed to disregard completely the statement of counsel for the defense on this [*sic*] last two or three sentences."

This instruction was not objected to by the defendant. Unlike the previous error, we find that no manifest injustice resulted to defendant by this instruction. Where no objection has been made to instructions, the alleged errors have not been saved for appellate review absent manifest injustice. *People* v *McKeller,* 30 Mich App 135 (1971). The exceptions to this consistent holding have involved failures to instruct or errors in instructing on basic and controlling issues. *People* v *Charles Jackson,* 21 Mich App 132, 133 (1970). While we have found that the previous instruction, which failed to mention a needed element of the crime was a basic and controlling issue, such is not the case with this instruction. Consequently, defendant's failure to object to this instruction waived the alleged error on appeal.

Defendant finally contends that his constitutional right to remain silent was violated by the use of the word "surprisingly" in the trial court charge to the jury on defendant's failure to take the stand and testify in his own defense. The original trial transcript indicated that the trial court charged:

"Under the law of this state a defendant may take the stand and testify on his own behalf or he may not. That is his choice. He has the right not to testify, the defendant in this case had a right to go upon the witness stand and testify in his own behalf if he chose to do so. The law, however, *surprisingly* provides that no presumption adverse to him is to arise from the mere fact that he does not place himself upon the witness stand, so in this case the mere fact that this defendant has not availed himself of the privilege which the law gives him should not be

permitted to prejudice him in any way. It should not be considered as evidence either of his guilt or innocence. The failure of the defendant to testify is not even a circumstance against him and no presumption of guilt can be indulged in by the jury on account of such failure on his part." (Emphasis supplied.)

Our examination of the record indicated that a mistake had occurred in transcribing the trial transcript. The court reporter's notes clearly show that the word "expressly" was used in the charge rather than "surprisingly." The charge was therefore in compliance with the charge suggested by 2 Gillespie, Michigan Criminal Law & Procedure, § 906, form no. 403, p 1282, Respondent's Failure To Testify. Accordingly, the court reporter has provided this Court with four corrected pages in addition to filing an affidavit detailing the error. In view of the fact that no such error actually occurred in the trial, the issue as to this portion of the charge is moot.

Affirmed as to the conviction for carnal knowledge of a female over 16 years.

Reversed and remanded for a new trial as to the conviction for gross indecency between male and female persons.

All concurred.