PEOPLE v FERGUSON

OPINION OF THE COURT

1. RAPE—PRIOR ASSAULTS—LIMITING INSTRUCTIONS.

In a trial for statutory rape and gross indecency where the complainant testified that she had been assaulted on other occasions by the accused and others and counsel for defendant also alluded to prior assaults by the defendant and others on the complainant, it was error for the trial judge to fail to give as one of his final instructions that evidence of such prior acts is admissible only to show motive, intent, scheme or plan on the part of the defendant.

2. RAPE—PRIOR ASSAULTS—LIMITING INSTRUCTIONS.

It is not necessary for a judge immediately to instruct a jury in a trial for sex offenses where evidence of prior acts is introduced that such evidence is admitted only for a limited purpose unless defense counsel requests such an instruction; however, it is necessary that such an instruction be given in the final instructions whether it was requested or not.

3. CRIMINAL LAW—GROSS INDECENCY—ELEMENTS OF CRIME—INSTRUCTIONS TO JURY.

In a trial where one of the counts was gross indecency, it was error for the court to instruct the jury that fellatio constituted gross indecency and to fail to charge the jury that an essential element of the crime of gross indecency is whether the defendant's conduct, measured by the common sense of society, was indecent and improper.

CONCURRENCE IN PART, DISSENT IN PART BY J. H. GILLIS, J.

4. RAPE—EVIDENCE—OTHER OFFENSES.

*In a statutory rape case, a qualified exception to the general rule that evidence of the commission of another offense by a defendant cannot be admitted for the purpose of showing a general*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 65 Am Jur 2d, Rape §§ 70–75, 84, 108–111.
[3] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 2, 15, 41.

*propensity for crime, does permit proof of specific acts of impropriety between the prosecutrix and the accused for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty.*

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 October 3, 1972, at Detroit. (Docket No. 13564.) Decided March 28, 1973. Leave to appeal applied for.

Otha Ferguson was convicted of statutory rape and gross indecency. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Kraizman & Kraizman,* for defendant.

Before: Lesinski, C. J., and Fitzgerald and J. H. Gillis, JJ.

Lesinski, C. J. The defendant was charged and convicted of statutory rape, MCLA 750.520; MSA 28.788, and gross indecency, MCLA 750.338b; MSA 28.570(2). He appeals as of right.

Two significant issues are raised on this appeal. On direct examination the complainant testified that she had been assaulted on other occasions by the accused and others. During cross-examination counsel for the defendant also alluded to prior assaults by the defendant and others on the complainant.

Defendant now contends that references to prior sexual assaults constitute impermissible evidence

of prior offenses which the trial court should have either excluded altogether or cured immediately by instruction. Evidence of prior acts is admissible by statute, MCLA 768.27; MSA 28.1050, only to show motive, intent, scheme, or plan on the part of the defendant.

Defendant claims that our decision in *People v Askar,* 8 Mich App 95 (1967), is applicable here. There it was held that because of the possibility of prejudice in sex offenses, when evidence of prior acts is introduced the trial court must immediately instruct the jury that such evidence is admitted only for a limited purpose. *Askar* has been criticized by the Michigan Supreme Court in *People v Kelly,* 386 Mich 330, 336 (1971). The Court said: "the language concerning the necessity of immediate instructions is ·dicta". All that is actually necessary, in the absence of a specific request at that time or a showing of a miscarriage of justice, is an instruction when the court makes its final instruction to the jury.

No limiting instruction was requested in the case before us. None was given in the final instructions by the court. This was error. *People v Kelly, supra.*

Furthermore, in his instruction concerning the gross indecency count, the judge charged the jury:

"Now, the second count in this information relates to the alleged crime of gross indecency, and the term gross indecency is used in a rather limited sense. It relates only to what is sometimes called oral perversion—instances in which there are sexual relations in which the mouth of one participant and the sexual organs of the other are involved."

In *People v McCaleb,* 37 Mich App 502 (1972), we reversed a conviction for gross indecency be-

cause the trial judge charged the jury that fellatio constituted the charged offense.

Here the Court instructed the jury that fellatio constituted gross indecency. Also he failed to charge them that an essential element of the crime of gross indecency was whether the defendant's conduct measured by their own common sense was indecent and improper. This too was error. *People v McCaleb, supra.*

Additionally, defendant asserts reversible error in that the trial court excluded from the jury's consideration those lesser offenses included within the charge of carnal knowledge of a female minor, the so-called *"Lemmons"* or affirmative exclusion of lesser included offenses issue. See *People v Lemmons,* 384 Mich 1 (1970). In view of our holding it is unnecessary for us to treat this issue.

Reversed and remanded.

FITZGERALD, J., concurred.

J. H. GILLIS, J. *(concurring in part, dissenting in part).* I agree with the majority in their interpretation of *People v McCaleb,* 37 Mich App 502 (1972), and that defendant's conviction for gross indecency must be reversed for new trial.

I vote to affirm defendant's conviction for statutory rape. The majority opinion states:

"On direct examination the complainant testified that she had been *assaulted* on other occasions *by the accused* and others." (Emphasis supplied.)

The single reference in complainant's *direct* examination about which the majority is concerned occurred after she had explained how defendant and another stopped her on her way home from school on March 16, 1970, took her to the base-

ment of a nearby home, and forced her to perform various sexual acts, including intercourse with five or six males there congregated. She went home, changed her clothes, and in response to her mother's inquiry of where she had been, stated, "They did it again". Reference to the transcript is now appropriate, for it reveals not just an assault but a prior rape:

"*Q.* What did your mother respond?

"*A.* She said, 'You mean they raped me,' and I said, 'Yes.'

"*Q.* Now, you said, 'They did it again.' Had something of [that] nature happened to you before?

"*A.* Yes.

"*Q.* All right, what happened then after these conversations took place with your mother?

"*A.* My father got up and said, 'Who?'—and I said, 'A boy named Otha, he *raped me* in a[n] apartment building on 14th"[1]— * * * ." (Emphasis supplied.)

No objection was raised, but on cross-examination the prior incident was thoroughly explored in an obvious effort to impeach the credibility of that witness. No request for a limiting instruction was made, nor was one given.

The prosecution did not seek to argue from the above-quoted reference, nor was any attempt made to justify such a reference as evidence of the motive, intent, scheme or plan of the defendant pursuant to MCLA 768.27; MSA 28.1050. Indeed, it is questionable whether such factors are involved in sex crime. See *People v Askar,* 8 Mich App 95, 100 (1967), and the cases there cited. But see *People v Kelly,* 386 Mich 330 (1971).

However, there is another exception to the rule

---

[1] Since the events for which defendant was on trial occurred on March 16, 1970, in a home on Seward Street in Detroit, I assume this reference is to a prior event occurring on 14th Street.

that evidence of the commission of another offense by the defendant cannot be admitted for the purpose of showing a general propensity for crime. As stated in *People v Donald D Williams,* 2 Mich App 91, 94 (1965):

"But in cases involving statutory rape, a qualified exception to the general rule permits proof of *specific acts of impropriety between the prosecutrix and the accused for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty."* (Emphasis supplied.)

The majority makes no mention of this rule. *If* the prosecution had sought to use the above-quoted reference of prior intimate relations for *any* purpose, rather than as a curious reference that, but for diligent cross-examination, might have gone unnoticed, it would have been admissible under that exception.

I am of the opinion that no error occurred in this regard since no objection to the testimony was raised and because defense counsel used that information in an effort to impeach credibility. If that evidence had been affirmatively used by the prosecution, a limiting instruction of the purpose of such testimony, if requested, would have been in order. But defendant used that evidence for more than its otherwise admissible purpose, and to now hold the lack of such jury instruction error is not sound.

Finding no other error, I vote to affirm the conviction of statutory rape.