PEOPLE v FERGUSON (ON REMAND)

CRIMINAL LAW—INSTRUCTIONS TO JURY—LIMITING INSTRUCTIONS—
PRESERVING QUESTION.
  There is no absolute requirement that a trial judge give limiting
  instructions in the absence of request or proper objection.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 October 3, 1972, at Detroit. (Docket No. 13564.) Decided March 1, 1974.

Otha Ferguson was convicted of statutory rape and gross indecency. Defendant appealed. Reversed and remanded. (45 Mich App 697.) Remanded by the Supreme Court to the Court of Appeals for reconsideration. (390 Mich 807.) Conviction of statutory rape affirmed. Conviction of gross indecency reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Kraizman & Kraizman,* for defendant.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 824.

ON REMAND

LESINSKI, C. J. This cause was remanded to our Court by order of the Supreme Court dated November 29, 1973, for reconsideration in light of *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973). The first decision by this Court was rendered March 28, 1973, and is reported at 45 Mich App 697; 206 NW2d 812 (1973).

The Court upon remand has reconsidered the merits of the cause in view of *People v Chism* and does hereby set aside its order reversing defendant's conviction on the charge of statutory rape, MCLA 750.520; MSA 28.788.

*Chism, supra,* decided in October of 1973, holds that in the absence of request or proper objection under present case law, there is no absolute requirement that the trial judge give limiting instructions, even though such instructions should have been given. Thus, where there is no objection to failure to instruct, no reversible error is committed.

No limiting instruction was either requested or given in this case. *Chism* controls and defendant's conviction of statutory rape is hereby affirmed.

*Chism* has no bearing on our holding that defendant's conviction on the charge of gross indecency, MCLA 750.338b; MSA 28.570(2), must be reversed. Therefore, defendant's conviction on this count stands reversed.

Affirmed in part and reversed in part.

All concurred.