PEOPLE v ROY EDWARDS

1. CRIMINAL LAW—GROSS INDECENCY—ATTEMPTS—JURY QUESTION.
   Michigan case law requires that a jury determine whether acts are grossly indecent under the gross indecency statute, and the requirement is the same for a conviction of assault with intent to commit gross indecency.

2. CRIMINAL LAW—GROSS INDECENCY—STATUTES—FELLATIO—JURY QUESTION.
   Gross indecency is not defined by the statutes proscribing such conduct; thus whether fellatio is a grossly indecent act under the gross indecency statute is a question for jury determination (MCLA 750.85).

3. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTIONS—WAIVER—GROSS INDECENCY—ESSENTIAL ELEMENT OF CRIME.
   A defendant who fails to object to a jury charge given by the trial court waives any objection he might have on appeal, but such failure does not constitute a waiver where the charge omitted an essential element of the crime for which the defendant was being tried; therefore a defendant charged with assault with intent to commit gross indecency may, on appeal, object to the failure of the trial court to instruct the jury that they must determine whether fellatio is conduct which society regards as indecent and improper because such a determination is an essential element of the crime charged.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 12, 1974, at Detroit. (Docket No. 19166.) Decided January 29, 1975.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 34, 40.
Modern concept of obscenity. 5 ALR3d 1158.
[3] 75 Am Jur 2d, Trial §§ 710 et seq., 909, 910, 915.
Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.

Roy Edwards was convicted of assault with intent to commit gross indecency. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Frederick R. Doetsch, Jr.,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BASHARA, P. J. Defendant, Roy Edwards, along with co-defendant Johnson, was tried for rape, MCLA 750.520; MSA 28.788, assault with intent to commit sodomy, MCLA 750.85; MSA 28.280, and assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280. On November 21, 1973, a Recorder's Court jury found defendant guilty of assault with intent to commit gross indecency.

Complainant, Geraldine Ratliff, testified she was returning from a visit with a friend at about midnight. She met two other friends and stopped to talk. Defendant and Johnson approached her, ordered her two friends to leave, and dragged her into an abandoned building. They threw her down and forced vaginal, anal and oral intercourse on her. Ms. Ratliff testified that she did not consent to any of defendants' actions and that she had never seen either man before. The police, alerted by a

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

citizen who heard complainant screaming, burst into the building and arrested both defendants.

Defendant contends that it was reversible error for the trial court to instruct the jury that as a matter of law the act of fellatio is prohibited by the assault with intent to commit gross indecency statute[1] rather than leaving that determination to the jury as an element of the crime to be ascertained by the trier of fact.

The instruction in question reads as follows:

"The third count is Assault With Intent to Commit Gross Indecency. And in order to find the defendants, or either of them, guilty of the offense of Gross Indecency you would have to be satisfied beyond a reasonable doubt that the defendants, or either of them, *assaulted the complaining witness with the intention of putting their male organs in the complaining witness' mouth. If you find that you are convinced beyond a reasonable doubt of those matters, it would be your duty to return a verdict of Guilty as to the count charging Assault With Intent to Commit Gross Indecency."* (Emphasis added.)

The statute under consideration and the case law thereunder do not define gross indecency, nor are they helpful in deciding defendant's allegation of error. Thus we must direct our consideration to other Michigan statutes and their case law interpretation thereunder. This Court has been called upon to interpret statutes similar[2] to the one

---

[1] MCLA 750.85; MSA 28.280 provides in pertinent part that: "Any person who shall assault any female with intent to commit the crime of rape, *and any person who shall assault another person with intent to commit the crime of sodomy or gross indecency, shall be guilty of a felony.*" (Emphasis supplied.)

[2] The statutes similar to MCLA 750.85; MSA 28.280, are gross indecency between female persons, and between male and female persons. MCLA 750.338a; MSA 28.570(1) provides "Any female person who * * * commits or is a party to the commission of, or any person who procures or attempts to procure the commission by any female person of any act of gross indecency with another female person shall

defendant was convicted under, and has also considered the same allegation of error as defendant raises in this appeal.

In *People v McCaleb,* 37 Mich App 502; 195 NW2d 17 (1972), the Court held that it was a proper consideration to be left to the jury whether fellatio is an act of gross indecency in reversing a conviction brought under the gross indecency statute between male and female persons. MCLA 750.338b; MSA 28.570(2).

Chief Judge T. JOHN LESINSKI, writing for the Court in McCaleb[3] stated:

"The jury's function in this case as the trier of fact was to determine that (1) defendant had engaged in fellatio with a female, and (2) fellatio between a male and a female is conduct which the common sense of society regards as indecent and improper. The effect of the trial judge's charge was to eliminate the second element of the crime, 'whether the conduct was indecent,' from the purview of the jury. In so doing, defendant was effectively denied a trial by jury on this count." *People v McCaleb, supra,* p 507.

If Michigan case law requires a jury to determine whether acts are grossly indecent under MCLA 750.338b; MSA 28.570(2), it would be a *non sequitur* that the requirements not be the same for a conviction of assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280. Both statutes use the same phrase "gross indecency", the only material difference is that the statute in

be guilty of a felony * * * ." The other statute, gross indecency between male and female persons, MCLA 750.338b; MSA 28.570(2), provides that "Any male person who * * * commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony * * * ."

[3] Later cases considering the same statute, *People v Ferguson,* 45 Mich App 697; 206 NW2d 812 (1973), and *People v Rea,* 38 Mich App 141; 195 NW2d 809 (1972), have cited the rule announced in *McCaleb* with approval.

question requires an additional element of an assault.

The people cite *People v Dexter,*[4] 6 Mich App 247; 148 NW2d 915 (1967), and assert that fellatio is grossly indecent as a matter of law. The Court in *Dexter, supra,* affirmed a jury determination as trier of fact that the act of fellatio violated the gross indecency statute. That decision, however, fails to tell us whether fellatio is prohibited as a matter of law or only upon a jury determination.

We thus find *McCaleb, supra,* to be the convincing precedent, and hold that a jury must determine whether fellatio is a grossly indecent act under MCLA 750.85; MSA 28.280.

The people contend that defendant's failure to object to the charge given by the court waives any objection he might have on appeal. While this is the general rule, the Supreme Court in *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967), stated:

"It is settled law of this State that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. [Cites omitted.] Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. [Cites omitted.] Defendant has a right to have a properly instructed jury pass upon the evidence. [Cites omitted.]

The determination by the jury that fellatio is conduct which society regards as indecent and improper is an essential element of assault with

---

[4] In *Dexter, supra,* defendant was convicted of assault with intent to commit gross indecency.

intent to commit gross indecency. Thus, *People v Liggett, supra,* is directly applicable and consequently defendant's failure to object did not waive this error on appeal.

Reversed and remanded for a new trial.