## PEOPLE v ALCALA

1. Criminal Law—Competence to Stand Trial—Procedure—New Trial—Statutes.

   Failure to follow the procedural requisites of a statute regarding a determination of competency to stand trial does not ipso facto entitle a defendant to a new trial; evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered (MCLA 767.27a).

2. Rape—Assault with Intent to Rape—Penetration—Intent.

   The crime of assault with intent to rape does not require penetration, but penetration may occur; the gist of this offense is intent.

3. Rape—Assault with Intent to Rape—Intervening Consent—Resistance.

   Consent or the failure to use the proper resistance at any time prior to penetration precludes conviction for rape of a female over the age of 16 years but not for assault with intent to rape.

4. Rape—Assault with Intent to Rape—Jury—Instructions to Jury—Lessor Included Offense.

   A defendant charged with rape may be convicted of assault with intent to rape even though the testimony, if believed, shows the commission of the greater offense; therefore, reversible error resulted from instructing the jury that the lesser included offense of assault with intent to rape does not involve any penetration, which rendered fair consideration of the lesser offense unlikely.

5. Criminal Law—Gross Indecency—Common Sense of Community—Instructions to Jury—Failure to Object.

   A trial court must provide the jury with a denominator by which to determine whether a defendant is guilty an act of gross

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 32, 63, 73.
[2–4] 65 Am Jur 2d, Rape §§ 20–24.
[4] 65 Am Jur 2d, Rape § 110.
[5] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 7, 41.

indecency, and the correct standard to be applied is whether the common sense of the community regards the conduct as indecent and improper; a defendant's conviction of gross indecency will be reversed where the trial court omitted a legally essential ingredient from the instruction to the jury, the standard by which the jury was to determine the defendant's guilt or innocence, although there was no objection to the charge.

Appeal from Ingham, Jack W. Warren, J. Submitted February 11, 1975, at Lansing. (Docket No. 19183.) Decided August 11, 1975. Leave to appeal applied for.

Tiofilo Y. Alcala was convicted of rape and gross indecency between male and female persons. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Spence & Martin,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant was found guilty by a jury of the crimes of carnal knowledge of a female over 16 years, MCLA 750.520; MSA 28.788, and gross indecency between male and female persons, MCLA 750.338b; MSA 28.570(2). He was sentenced to concurrent terms of from 7-1/2 to 25 years and 3 to 5 years in prison and appeals.

At arraignment, on July 13, 1973, defendant petitioned for an examination to determine his competence to stand trial and the court referred him to the State Forensic Center. The court further ordered, on August 24, that defendant be examined by a local doctor for purposes of an insanity defense.

On October 17, trial commenced. Jury selection began in the morning and continued into the afternoon. After a panel had been selected, the court excused the jurors and outside their presence, conducted a *Walker*[1] hearing. At the conclusion of the hearing the judge inquired:

"[W]hile there was a petition for psychiatric examination, there is no contention of lack of capacity to stand trial, is there, at this time?"

Defense counsel stated that there was not. The jury was sworn, opening statements made and the first witness called.

On October 22, the third and final day of trial, the court asked counsel if it would be agreeable that an order adjudging defendant competent to stand trial under MCLA 767.27a; MSA 28.966(11) be dated October 17, 1973, the first day of trial in this case. Counsel agreed and an order was so entered and made part of the record. Even though the order reads, "hearing having been had * * * and findings in open court * * * and exhibits (and testimony) being received", an examination of the record and transcripts in this case fails to show a hearing or medical testimony regarding competency. No diagnostic report was offered or received into evidence.[2]

Section 4 of MCLA 767.27a; MSA 28.966(11), provides that:

"Upon receipt of the diagnostic report and recommendations, the sheriff shall immediately return the defendant to the committing court and the court shall imme-

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

[2] No formal hearing as to defendant's competence to stand trial was conducted in this case. *See People v Stubbs*, 59 Mich App 574; 229 NW2d 854 (1975), for an example of a minimal hearing.

diately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

However, failure to follow the procedural requisites of MCLA 767.27a; MSA 28.966(11), or GCR 1963, 786, regarding competency determination "does not ipso facto entitle a defendant to a new trial. Evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered". *People v Lucas,* 393 Mich 522, 528; 227 NW2d 763 (1975), citing *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975). Here, as in *Lucas, supra,* and *Blocker, supra,* no evidence of incompetence was adduced at trial and none is proffered on appeal.

Nevertheless, defendant's convictions cannot stand. Defendant was charged with rape, MCLA 750.520; MSA 28.788, assault with intent to rape, MCLA 750.85; MSA 28.280, and gross indecency, MCLA 750.338b; MSA 28.570(2), and the jury was instructed accordingly. Two hours into its deliberations, the jury, indicating that it had questions, was brought back into the courtroom. The spokesman for the jury asked the trial court for a definition of "penetration" and a clarification or restatement of the crimes of rape and assault with intent to rape. After defining "penetration", the trial court asked counsel to approach the bench. Following a short discussion off the record, the court announced that both attorneys agreed that the jury may disregard the charge of assault with intent to rape and instructed the jury to only consider assault with intent to rape as a lesser included offense of the rape charge. The jury spokesman then told the judge that the jury's

problem was with the distinction between rape and assault with intent to rape. The trial court then instructed the jury as to rape and assault with intent to rape. With respect to the lesser included offense, the court charged in pertinent part:

"Now, assault with intent to commit rape does not, obviously, does not involve any penetration."

There was no objection to the instruction.

The crime of assault with intent to rape does not require penetration but penetration may occur. The gist of the crime of assault with intent to rape is intent. *People v Phillips,* 385 Mich 30, 36; 187 NW2d 211 (1971). Consent or the failure to use the proper resistance at any time prior to penetration precludes conviction for rape of a female over the age of 16 years but not assault with intent to rape. *People v Marrs,* 125 Mich 376, 381; 84 NW 284 (1900). It is this possibility of intervening consent that renders the above instruction in this case erroneous.

The testimony of the complainant in the instant case, if believed, established the crime of rape. Defendant on the other hand, claimed that the complainant voluntarily engaged in all activities. He testified that, unable to achieve an erection, penetration was accomplished only with the aid of the complainant's index finger. Crediting complainant's testimony except as to intervening consent, the jury could lawfully have found defendant guilty of assault with intent to rape.

However, a finding of intervening consent on the part of the complainant would preclude a conviction for rape, *People v Marrs, supra,* and the jury in this case, where penetration was not in dispute,

apparently resolved the question of intervening consent adversely to defendant. How then, was defendant prejudiced, since such a resolution would not lead to a finding of assault with intent to rape?

A defendant charged with rape may be convicted of assault with intent to rape even though the testimony, if believed by the jury, shows the commission of the greater offense. *People v Phillips, supra,* at 37. Here, it was agreed that the trial court would instruct the jury on assault with intent to rape as a lesser included offense of the rape charge. That instruction was nullified when applied to the facts in this case. Although the present case does not present a situation where the trial judge commits reversible error by refusing to give a requested instruction on a lesser included offense where the evidence would support it, see *People v Jones,* 273 Mich 430; 263 NW 417 (1935), *People v Herbert Van Smith, Jr.,* 388 Mich 457; 203 NW2d 94 (1972), we cannot excuse the improper instruction in this case. Fair consideration of the lesser included offense of assault with intent to rape was not likely. See *People v Reece,* 9 Mich App 108; 155 NW2d 870 (1967), *lv den* 380 Mich 763 (1968).

With respect to the charge of gross indecency, the trial court instructed the jury in pertinent part:

"Now, the law, that is, the statute, does not define what an act of gross indecency between a male and female person is, or what acts, constitute that. The indelicacy of the subject matter precludes such definition. And, so far then as count three goes in your deliberations, *you would ask yourself,* in determining whether the defendant has committed this offense, in a very technical way you would ask yourself these ques-

tions: The statute reads any male person. So, we would say to ourselves, is the defendant a male person? Did he on the date charged and at the location charged—Let me stop there. Did the incident occur at the time and place alleged by the people? Three, *did he commit or was he a party to the commission of an act of gross indecency?"* (Emphasis supplied).

In *People v McCaleb,* 37 Mich App 502; 195 NW2d 17 (1972), *lv den* 389 Mich 784 (1973), this Court reversed a conviction for gross indecency because the trial judge removed a legally essential element of the crime from the jury's consideration. The jury in that case was instructed that fellatio constituted gross indecency. Since the jury's function in that case was to determine whether "(1) defendant had engaged in fellatio with a female, and (2) fellatio between a male and a female is conduct which the common sense of society regards as indecent and improper", the second element of the crime had been removed from the purview of the jury. *People v McCaleb, supra,* at 507.

In *People v Ferguson,* 45 Mich App 697; 206 NW2d 812 (1973), this Court followed its holding in *People v McCaleb, supra,* and reversed because the trial court in *Ferguson* had instructed the jury that fellatio constituted gross indecency. However, the majority opinion continued with some misleading language as to what would constitute a proper charge. It stated that error was also committed by the trial court's failure to instruct the jury that "an essential element of the crime of gross indecency was whether the defendant's conduct *measured by their own common sense* was indecent and improper". *People v Ferguson, supra,* at 700. (Emphasis supplied.)

The correct test to be applied by the trier-of-fact

is, as the Court pointed out in *People v McCaleb,
supra,* at 506, quoting *People v Hicks,* 98 Mich 86,
90; 56 NW 1102 (1893), "the common sense of the
community":

> "The common sense of the community, as well as the
> sense of decency, propriety, and morality which most
> people entertain, is sufficient to apply the statute to
> each particular case, and point out what particular
> conduct is rendered criminal by it."

Such a standard is consistent with the instruction
approved in *Miller v California,* 413 US 15; 93 S
Ct 2607; 37 L Ed 2d 419 (1973), for juries to apply
in state obscenity cases. There, the Supreme Court
stated:

> "[T]he primary concern with requiring a jury to apply
> the standard of the 'average person, applying contempo-
> rary community standards' is to be certain that, so far
> as material is not aimed at a deviant group, it will be
> judged by its impact on an average person, rather than
> a particularly susceptible or sensitive person—or indeed
> a totally insensitive one." *Miller v California, supra,* at
> 33 (citations omitted).

This is precisely our concern in the case at bar.
Although it is not necessary to define society or
community for the jury, see *Jenkins v Georgia,*
418 US 153, 157; 94 S Ct 2750; 41 L Ed 2d 642, 648
(1974), the trial court must provide the jury with a
denominator by which to determine whether or
not defendant is guilty of an act of gross inde-
cency. That standard was absent here.

Admittedly, there was no objection to the charge
in question. However, as stated in *People v Lig-
gett,* 378 Mich 706, 714; 148 NW2d 784 (1967):

> "It is settled law of this State that the trial judge

should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People v Prinz,* 148 Mich 307 [111 NW 739 (1907)]; *People v Kanar,* 314 Mich 242, 254 [22 NW2d 359 (1946)]; *People v Hearn,* 354 Mich 468 [93 NW2d 302 (1958)]. Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v Mac-Pherson,* 323 Mich 438, 448 *et seq.* [35 NW2d 376 (1949)]; *People v Guillett,* 342 Mich 1, 7 [69 NW2d 140 (1955)]; *People v Oberstaedt,* 372 Mich 521, 526 [127 NW2d 354 (1964)]. Defendant has a right to have a properly instructed jury pass upon the evidence." *People v Visel,* 275 Mich 77, 81 [265 NW 781 (1936)].

The trial court in the present case omitted a "legally essential ingredient", the standard by which the jury was to determine defendant's guilt or innocence.

Reversed and remanded for a new trial as to both the conviction for carnal knowledge of a female over 16 years and the conviction for gross indecency between male and female persons.